UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GEORGE CHAVIS,

                        Plaintiff,

                v.                                  9:05-CV-100
                                                        (FJS/DRH)

S. RYAN, Medical Staff, Upstate Correctional
Facility; D. FELIX, Corrections Officer, Upstate
Correctional Facility; S. RACETTE, Corrections
Officer, Upstate Correctional Facility; T. RILEY,
Corrections Officer, SHU, Upstate Correctional
Facility; R. DONALDSON, IFP Supervisor;
J. BELL, Corrections Officer, Upstate Correctional
Facility; B. GALE, Corrections Officer, SHU,
Upstate Correctional Facility; D. NEUSON,
Senior Mail Room Clerk, Upstate Correctional
Facility; D. LACLAIR, Deputy Superintendent
of Security, Upstate Correctional Facility;
W. TROMBLEY, Corrections Officer, Upstate
Correctional Facility; L. FRIOT, Senior
Corrections Counselor; M. ALBERT,
Corrections Officer, SHU, Upstate
Correctional Facility; K. BRAWL, Corrections
Officer, Package Room, Upstate Correctional
Facility; THOMAS EAGAN, CORC Director;
JAMES CROMP, IGRC Officer, Upstate
Correctional Facility; and FUHRMAN,
Corrections Officer, SHU, Upstate Correctional
Facility,

                        Defendants.

**APPEARANCES**                               **OF COUNSEL**

**GEORGE CHAVIS**
**91-A-3261**
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871
Plaintiff *pro se*

| | |
|---|---|
| **OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL** | **JEFFREY M. DVORIN, AAG** |

Department of Law
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff commenced this action on January 27, 2005. *See* Dkt. No. 1. In his *pro se* complaint, Plaintiff alleges that, **while he was incarcerated at Upstate Correctional Facility**, Defendants denied him due process, subjected him to cruel and unusual punishment, retaliated against him for filing grievances, and interfered with his access to the courts. *See id.*

Currently before the Court are Plaintiff's motion for injunctive relief, *see* Dkt. No. 45, and his motion "for relief of deposition by defendants," *see* Dkt. No. 49.

### II. DISCUSSION

**A.    Plaintiff's motion for injunctive relief**

Plaintiff's motion for injunctive relief is directed to the defendants in his "Western District [case,] Docket No. # 06-CV-0543." *See* Dkt. No. 45 at 1. In his motion, Plaintiff alleges that, when he was transferred from Auburn Correctional Facility to Southport Correctional Facility, he did not receive one of his property bags, which contained documents for his "actively pending" cases. *See id.* at 2. Plaintiff also asserts that he is missing personal property, including family pictures and personal correspondence. *See id.* at 9. Plaintiff contends that he cannot

pursue his pending legal claims unless the missing property bag is returned to him. *See id.* at 5. Finally, Plaintiff claims that, when he went to pick up his delivered property bags at the draft room at Southport Correctional Facility, the staff assaulted him. *See id.* at 9.

Plaintiff seeks an Order (1) directing the return of his missing property bag, including both his legal and personal property; and (2) directing that the correctional employees at Southport Correctional Facility "cease" their assaults.[1] *See id.*

Defendants oppose the motion for injunctive relief on the grounds that (1) the allegations included in the motion are not related to the allegations in Plaintiff's underlying complaint and (2) Plaintiff seeks injunctive relief against persons who are not parties to this action. *See* Dkt. No. 48

The standard that a court must apply in considering a motion for injunctive relief is well-settled in this Circuit. As the Second Circuit noted in *Covino v. Patrissi*, 967 F.2d 73 (2d Cir. 1992), the movant "must show (1) irreparable harm and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking the injunctive relief." *Id.* at 77 (citation omitted); *see also Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (citation omitted).

As a preliminary matter, the relief that a plaintiff seeks by way of injunction **must relate to the allegations contained in the underlying complaint**. *See Allen v. Brown*, No. 96-CV-1599, 1998 WL 214418, *4 (N.D.N.Y. Apr. 28, 1998) (adopting a magistrate judge's

---

[1] Plaintiff also asks the Court to reverse Magistrate Judge Homer's November 6, 2006 Order which denied his motion for appointment of counsel. The Court will construe this request as Plaintiff's objections to Magistrate Judge Homer's November 6, 2006 Order and address this issue separately. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that courts hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers").

recommendation that the court deny a request for injunctive relief because the allegations in the application were unrelated to claims asserted in the complaint and, thus, the plaintiff had "failed to establish either a likelihood of succeeding on the merits of his *underlying claim*, or sufficiently serious questions going to the merits of *such claim* and a balance of hardships tipping decidedly toward" the plaintiff (citations omitted)).

In his complaint, Plaintiff alleges that, while he was incarcerated at Upstate Correctional Facility, the Upstate Defendants denied him due process, subjected him to cruel and unusual punishment, retaliated against him for filing grievances, and interfered with his access to the courts. In his motion for injunctive relief, Plaintiff, for the first time, claims that the staff at either Auburn Correctional Facility or Southport Correctional Facility took his legal documents and personal property and that the staff at Southport Correctional Facility assaulted him. Clearly, the allegations that form the basis for Plaintiff's current motion, all of which arise from events that occurred **at Auburn Correctional Facility or Southport Correctional Facility**, are not related to the allegations contained in his complaint, all of which arise from events that occurred at **Upstate Correctional Facility**.

In sum, because Plaintiff's allegations in support of his motion for injunctive relief are unrelated to the allegations contained in his complaint, he has failed to establish either a likelihood of success on the merits of **his underlying claims** or sufficiently serious questions going to the merits of those claims and a balance of hardships tipping decidedly in his favor. *See Allen*, 1998 WL 214418, at *4. Therefore, the Court denies his motion for injunctive relief.

Alternatively, the Court notes that the law is clear that, except in limited circumstances not relevant here, a court may not order injunctive relief as to **non-parties** to an action. *See* Fed.

-4-

R. Civ. P. 65(d) (providing, in pertinent part, that "[e]very order granting an injunction . . . is binding only upon the parties to the action . . ."); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988). Since the Defendants named in Plaintiff's Western District action are **not parties** to this action, the Court denies Plaintiff's request for injunctive relief against these individuals for this reason as well.

**B.      Plaintiff's objections to Magistrate Judge Homer's November 6, 2006 Order**

In his November 6, 2006 Order, Magistrate Judge Homer denied Plaintiff's motion for appointment of counsel. *See* Dkt. No. 44. Plaintiff objects to this Order and asks the Court to reverse Magistrate Judge Homer's decision. *See* Dkt. No. 45 at 9; 28 U.S.C. § 636(b)(1)(A). Plaintiff argues that failure to reverse this Order "would be biased and prejudice [sic]." *See* Dkt. No. 45 at 9.

Rule 72(a) of the Federal Rules of Civil Procedure provides that

> [w]ithin ten (10) days after being served with a copy of the magistrate judge's order [addressing a nondispositive matter], a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

The Court has reviewed Magistrate Judge Homer's November 6, 2006 Order and finds that it is neither clearly erroneous nor contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court rejects Plaintiff's objections and affirms the November 6, 2006 Order.

### C. Plaintiff's request for relief from deposition

Plaintiff requests that the Court relieve him of his obligation to be deposed by Defendants because he does not have his relevant legal papers, making it impossible for him to provide adequate answers to any questions posed during the deposition. *See* Dkt. No. 49. Subsequent to Plaintiff filing this motion, Defendants requested and received a ninety-day extension of the pretrial deadlines. *See* Dkt. No. 52. In their extension request, Defendants stated that, "[d]uring that time, [Defendants' attorney] would contact DOCS officials regarding Mr. Chavis' complaints concerning his legal records. Should the matter be resolved, [Defendants' counsel] would attempt to complete the deposition as expeditiously as possible." *See* Dkt. No. 51 at 2.

Since Defendants have agreed to postpone Plaintiff's deposition and to attempt to resolve the problems that Plaintiff is having with obtaining his legal documents, the Court denies his motion for relief from his deposition as moot.

### III. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for injunctive relief is **DENIED**; and the Court further

**ORDERS** that Plaintiff's objections to Magistrate Judge Homer's November 6, 2006 Order are **REJECTED** and that Order is **AFFIRMED**; and the Court further

**ORDERS** that Plaintiff's motion for relief from deposition is **DENIED AS MOOT**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

Dated: February 7, 2007
       Syracuse, New York

                        Frederick J. Scullin, Jr.
                        Senior United States District Court Judge