UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GEORGE CHAVIS,

                Plaintiff,

v.                                        No. 05-CV-100
                                          (FJS/DRH)

S. RYAN, Medical Staff, Upstate Correctional Facility;
D. FELIX, Corrections Officer, Upstate Correctional
Facility; S. RACETTE, Corrections Officer, Upstate
Correctional Facility; T. RILEY, Corrections Officer,
SHU, Upstate Correctional Facility, R. DONALDSON,
IFP Supervisor; J. BELL, Corrections Officer, Upstate
Correctional Facility; B. GALE, Corrections Officer, SHU,
Upstate Correctional Facility; D. NEUSON, Senior Mail
Room Clerk, Upstate Correctional Facility; D. LaCLAIR,
Deputy Superintendent of Security, Upstate Correctional
Facility; W. TROMBLY, Corrections Officer, Upstate
Correctional Facility; L. FRIOT, Senior Corrections
Counselor; M. ALBERT, Corrections Officer, SHU, Upstate
Correctional Facility; K. BRAWL, Corrections Officer,
Package Room, Upstate Correctional Facility; THOMAS
G. EAGAN, CORC Director; JAMES CROMP, IGRC
Officer, Upstate Correctional Facility; and FURHMAN,
Corrections Officer, SHU, Upstate Correctional Facility,

                Defendants.

---

**APPEARANCES:**                       **OF COUNSEL:**

GEORGE CHAVIS
Plaintiff Pro Se
91-A-3261
Clinton Correctional Facility
Post Office Box 2001
Dannemora, New York 12929

HON. ANDREW M. CUOMO           ADRIENNE J. KERWIN, ESQ.
Attorney General for the                Assistant Attorney General
   State of New York
Attorney for Defendants

The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER[1]**

Plaintiff pro se George Chavis ("Chavis"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brought this action pursuant to 42 U.S.C. § 1983 alleging that defendants, nineteen DOCS employees,[2] violated his constitutional rights under the First, Eighth, and Fourteenth Amendments. Compl. (Docket No. 1). Presently pending is defendants' motion to dismiss the action pursuant to Fed. R. Civ. P. 37(b), 37(d), and 41(b) for Chavis' failure to (1) comply with the Court's discovery orders, (2) attend his deposition, and (3) prosecute the case. Docket No. 67. Chavis opposes the motion. Docket No. 72. For the following reasons, it is recommended that defendants' motion be granted.

**I. Background**

On January 17, 2005, Chavis commenced this action pro se while incarcerated at Upstate Correctional Facility ("Upstate"). Compl. ¶ 2. As relevant to the pending motion, in a letter dated December 13, 2006, defendants requested an order directing the deposition of Chavis. Docket No. 46. In an order dated December 18, 2006, the

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

[2] Three of those defendants were terminated from this action on March 4, 2005. Docket No. 5.

2

undersigned granted defendants permission to depose Chavis and "[ordered] that [Chavis'] disagreement with any directives of security staff at the correctional facility is not a ground on which [he] may refuse to answer questions . . . [and] that the failure . . . to attend . . . may result in sanctions including dismissal of the action pursuant to [Fed. R. Civ. P. 37] . . . ." Docket No. 47.

On January 19, 2007, defendants' counsel traveled to Upstate to take Chavis' deposition. Docket No. 51 at 1. However, during the deposition, "it became clear that it would be difficult – if not impossible – to complete testimony that day" as Chavis refused to identify his complaint or acknowledge the allegations therein because he did not have with him his own legal materials. Id. at 1-2. Defendants attempted to contact the undersigned for a ruling during the deposition but were unsuccessful, and the deposition was adjourned until further guidance could be obtained from the Court. Id. at 2. Defendants stated that they "would contact DOCS officials regarding Mr. Chavis' complaints concerning his legal records." Id.

In an order dated February 7, 2007, the district court denied, Chavis' requests for relief from deposition in light of defendants' attempts to rectify the problems Chavis was having obtaining his legal documents. Docket No. 54 at 6. On July 24, 2007, defendants again attempted to depose Chavis. Mans Affirm. (Docket No. 67, pt. 2) ¶ 3; see generally Chavis Dep. (Docket No. 67, pt. 3). However, defendants were "unable to complete the deposition [due to Chavis'] refusal to answer relevant questions regarding his claims . . . or even acknowledge his own complaint filed with the Court . . ., and refusal to answer questions based upon his own complaint." Mans Affirm. ¶ 3; Chavis Dep. at 7, 11-13, 27-28, 33-43.

On August 9, 2007, a telephonic discovery conference was held on-the-record with Chavis and defendants' counsel. Docket Entry dated 8/9/07. During that conference, it was ordered that defendants' counsel "make reasonable and diligent efforts to locate [Chavis'] legal documents . . . and [Chavis] is advised that he may not decline to answer questions at the deposition because documents may be unavailable to him at that time . . . ." Docket No. 63 at 2. Additionally, Chavis was reminded that his failure to comply with that order "may . . . entitle [defendants] to the imposition of sanctions against him, which may include the dismissal of this action." Id.

On August 21, 2007, defendants served Chavis with a Notice of Deposition scheduled for mid-October along with a copy of the December 18 order. Mans Affirm. ¶ 5; Docket No. 67, pt. 4. Defendants' counsel appeared to take Chavis' deposition on October 16, 2007. Mans Affirm. ¶ 6; Docket No. 67, pt. 5. However, Chavis "refused several requests to attend the deposition," apparently because corrections officers escorting Chavis to the location of the deposition mistakenly required restraints for Chavis during the escort to the deposition. Mans Affirm. ¶ 6; Docket No. 67, pt. 5 at 5-8. After discussion, the corrections officer apologized for his mistake and instructed Chavis to proceed to the deposition without restraints. Docket No. 67, pt. 5 at 5-6. The cell block door was opened for Chavis to walk to the location of the deposition, but Chavis refused to leave his cell. Id. After three attempts, the officers reported that Chavis was refusing to attend. This motion followed.

## II. Discussion

Fed. R. Civ. P. 41(b) provides that a court may dismiss an action based upon the

4

failure of a plaintiff to prosecute, comply with an order of the court, or notify the court of a change of address. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); MTV Networks v. Lane, 998 F. Supp. 390, 393 (S.D.N.Y.1998); see also N.D.N.Y.L.R. 41.2 (b). Since a Rule 41(b) dismissal is a "harsh remedy," it is "appropriate only in extreme circumstances." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Furthermore, where the plaintiff is pro se, "courts 'should be especially hesitant to dismiss for procedural deficiencies. . . .'" Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477(2006). To determine whether dismissal for failure to prosecute is appropriate, courts should consider:

> 1) the duration of plaintiff's failures; 2) whether plaintiff had received notice that further delays would result in dismissal; 3) whether the defendant is likely to be prejudiced by further delay; 4) a balancing of the need to alleviate court calendar congestion with a party's right to due process; and 5) the efficacy of lesser sanctions.

See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872 (S.D.N.Y. 1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y.1995).

In this case, Chavis' failures have been ongoing through three depositions and in the face of three court orders and a conference directing him to comply. Chavis has received notices that further failures could result in dismissal. In particular, in the orders filed December 18, 2006 and August 9, 2007, the Court advised Chavis that his failure to attend and answer the questions at a deposition could result in sanctions, including dismissal of the case. Docket Nos. 47, 63. The Court made the same statement to Chavis during the conference on August 9, 2007. Chavis was thus on notice that his continued failures could result in dismissal of the action.

The prejudice to defendants from Chavis' continued failures results primarily from the inability of defendants to obtain discovery from Chavis through a deposition to determine the bases of his claims to defendant against them. To a lesser extent, it also includes the costs incurred by defendants in attending the three depositions.

The need to alleviate court calendar congestion is best evidenced here by the age of this case. This case, which is not unduly complex, has now been pending for over three years. The guideline for completion of cases in this district is eighteen months. <u>See</u> N.D.N.Y. Gen. Order 25 (directing the timely progression of civil actions). This action has thus been pending for an inordinate period of time solely as the result of Chavis' actions and inactions. Against this delay must be balanced Chavis' right to due process. Chavis' right to due process has been scrupulously honored here. He has received three opportunities to give the deposition which he is obliged to give. His first two failures to cooperate in giving his deposition were excused and a third opportunity was provided. Thus, on balance and in these circumstances, the balance of these factors weighs strongly in favor of the need to alleviate court congestion.

In opposition to this motion, Chavis contends that sanctions are unwarranted because the DOCS staff and defendants' attorney are motivated by racial animus and he was threatened by DOCS staff prior to his scheduled depositions. Nothing in the record supports either of these contentions nor is there any evidence that Chavis was impeded in any way from the completing any of the three scheduled depositions. It appears from the record and from the Court's dealings with Chavis that the only explanation for his refusals to be deposed was his own willful choice made with knowledge of the possible consequences.

6

Against this must be balanced the efficacy of lesser sanctions than dismissal. Courts have broad discretion to enforce discovery obligations and may, in limited circumstances, "use the extreme sanction of a default judgment." United States v. Aldeco, 917 F.2d 689, 690 (2d Cir. 1990); Fed. R. Civ. P. 37(d). Rule 37(d) states in relevant part:

> If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule . . . .

Fed. R. Civ. P. 37(d). Rule 37(b)(2)(C) provides that among the sanctions a court may impose is dismissal of the action. See Mora v. Bockelmann, No. 03-CV-1217, 2007 WL 603410 at *2 (N.D.N.Y. Feb. 22, 2007).

As discussed supra, Chavis received adequate notice concerning the consequences of his failures and, thus, the only question that remains is whether the sanction of dismissal is appropriate.

> In determining whether to impose sanctions and, if so, the sanctions to be imposed, a court must consider all circumstances relevant to the particular case, including but not limited to the history of the offending party's compliance with discovery and court orders, the opportunity for compliance, the effectiveness of lesser sanctions, the notice of and opportunity to defend against the possible sanctions, any prejudice to the adverse party from the noncompliance, and the party's personal responsibility for the noncompliance.

Mora, 2007 WL 603410, at *3 (citations omitted). First, Chavis has continually failed to comply with court orders. As previously discussed, two compulsion orders were entered against him. Docket Nos. 47, 63. This clearly had no impact on Chavis' determination not to cooperate as he blatantly disregarded the orders and refused even to leave his cell for

7

the last deposition.  See Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 763-65 (2d Cir. 1990) (affirming dismissal of an action for pro se plaintiff's failure to appear at the deposition).  Chavis also had ample time to respond as the transcript for the second deposition reveals that he was repeatedly invited to object and alter his responses if and when his responses conflicted with his personal paperwork and that defendants would move to dismiss the action if he persisted in his refusal.

The efficacy of lesser sanctions is diminished here by the fact that Chavis has already been ordered to comply with the deposition three times and ignored each and every directive.  Moreover, lesser sanctions are insufficient to address the prejudice to defendants.  Monetary sanctions to compensate defendants for their costs of the three depositions would be empty gestures in light of Chavis' in forma pauperis status.  Allowing adverse inferences against Chavis from his refusal to be deposed still would not replace for defendants the information they need from Chavis to defend the claims.  Precluding Chavis from testifying at trial would be tantamount here to dismissal since Chavis likely could not surmount a motion for a directed verdict without his own testimony.  In these circumstances, then, only dismissal remains as a viable means of addressing Chavis' conduct and the prejudice to defendants.

Consideration of these factors, therefore, compels the conclusion that dismissal of the action affords the only reasonable method of addressing Chavis' repeated and ongoing failures to fulfill his obligations to cooperate in discovery.  Chavis has been given repeated opportunities to fulfill those obligations and to be deposed.  He has regularly failed to do so.  No meaningful alternative but dismissal is left.

Accordingly, defendants' motion for dismissal as a sanction under Fed. R. Civ. P. 37 and 41 should be granted.

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss  (Docket No. 67) be **GRANTED** and that this action be **DISMISSED** in its entirety as to all claims and all defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72, 6(a), 6(e).

Dated: July 21, 2008
        Albany, New York

_David R. Homer_
United States Magistrate Judge