UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GEORGE CHAVIS,

                         Plaintiff,                9:05-CV-0100
                                              (GTS/DRH)

       v.

S. RYAN, Medical Staff, Upstate Corr. Facility, *et al.*,

                        Defendants.
_____

APPEARANCES:                           OF COUNSEL:

GEORGE M. CHAVIS, 91-A-3261
  Plaintiff, *Pro Se*

HON. ANDREW M. CUOMO           JEFFREY M. DVORIN, ESQ.
Attorney General for the State of New York
  Counsel for Defendants

GLENN T. SUDDABY, United States District Judge

## <u>MEMORANDUM-DECISION and ORDER</u>

     Plaintiff George Chavis, a New York State prison inmate, filed this *pro se* civil rights

action pursuant to 42 U.S.C. § 1983, against nineteen correctional officials employed by the New

York State Department of Correctional Services.  Generally, in his Complaint, Plaintiff alleges

that Defendants violated his rights under the First, Eighth and Fourteenth Amendments when he

was incarcerated at Upstate Correctional Facility between approximately July 28, 2002, and

January 20, 2005.  (Dkt. No. 1, ¶¶ 6-7 [Plf.'s Compl.].)  Currently before the Court is a Report-

Recommendation that the Court grant Defendants' motion to dismiss Plaintiff's Complaint for

failure to comply with several Orders of the Court and for failure to prosecute the action.  For the

reasons set forth below, the Courts adopts the Report-Recommendation in its entirety.

## I.      BACKGROUND

On November 2, 2007, Defendants moved to dismiss Plaintiff's Complaint for failure to comply with several Court orders and for failure to prosecute the action, pursuant to Fed. R. Civ. P. 41(b), 37(b), and 37(d).  (Dkt. No. 67.)  The motion was referred to Magistrate Judge David R. Homer for a Report-Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c).  On July 21, 2008, Magistrate Judge Homer issued a Report-Recommendation that weighed the five factors governing a decision on a motion to dismiss under Fed. R. Civ. P. 41(b), and concluded that the Court should grant Defendants' motion.  (Dkt. No. 77.)  On August 4, 2008, Plaintiff filed an Objection to the Report-Recommendation.  (Dkt. No. 78.)  On August 11, 2008, Defendants filed a Response to Plaintiff's Objection.  (Dkt. No. 79.)  On August 20, 2008, Plaintiff filed a Reply to Defendants' Response.  (Dkt. No. 80.)

## II.     STANDARD OF REVIEW

When specific objections to a magistrate judge's Report-Recommendation are made, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  On *de novo* review, "[t]he judge may . . . receive further evidence . . . ."  28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994); *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990); *Alexander v. Evans,* 88-CV-5309, 1993 WL 427409, at *18, n.8 (S.D.N.Y. Sept. 30, 1993).

2

When only general objections are made (or the party merely reiterates his original allegations or arguments), the Court reviews for clear error or manifest injustice.  *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999); *Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).  Similarly, when a party makes no objection to a portion of a Report-Recommendation, the Court reviews that portion for clear error or manifest injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.   ANALYSIS

### A.   Grounds for Dismissal Identified in Report-Recommendation

After carefully examining the record in this action *de novo*–including Magistrate Judge Homer's Report-Recommendation, Plaintiff's Objection thereto, and the parties' subsequently filed papers–the Court adopts the Report-Recommendation in its entirety for the reasons stated therein and dismisses Plaintiff's Complaint.

Generally, Plaintiff's objections attempt to raise a handful of factual disputes about *why* he refused to participate in the depositions in question, not *whether* he refused to participate in those depositions after being Ordered to do so by the Court.  (Dkt. No. 78, 80.)  For the sake of

brevity, the Court will set aside the fact that (1) generally Plaintiff's objections merely reiterate his original allegations or arguments before Magistrate Judge Homer, (2) some of his objections attempt to submit new evidence on appeal without showing cause for the granting of permission to do so, (3) his reply papers were submitted past the deadline for filing objections, and (4) he has used abusive language in his submissions.[1]  What is more important is that the disputes of fact that Plaintiff attempts to raise are of little, if any, materiality to the five factors to be considered by a district court when deciding whether or not to grant a motion to dismiss under Fed. R. Civ. P. 41(b).[2]  This is because the justifications that Plaintiff proffers for his refusals to be deposed (e.g., not having his paperwork with him to refer to before answering questions) are not adequate, especially in light of (1) Magistrate Judge's Order of August 9, 2007, specifically addressing that issue (Dkt. No. 63), and (2) the accommodations made by defense counsel during the depositions.  As a result, the disputes of fact that Plaintiff attempts to raise do not tilt the

---

[1]      (*See*, *e.g.*, Dkt. No. 78, at 7 [characterizing defense counsel's character as "redneck" and "racist"].) Plaintiff is advised that any future use of such language by him in submissions to this Court will be appropriately sanctioned.

[2]      The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute (or failure to obey a court order) under Fed. R. Civ. P. 41(b):

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hevner v. Village East Towers, Inc.*, No. 07-5608, 2008 WL 4280070, at *1-2 (2d Cir. Sept. 18, 2008) [citation omitted].

scales against dismissal.  To the contrary, the scales remain balanced decidedly in favor of dismissal.  The Court would add only two points to Magistrate Judge Homer's thorough weighing of the relevant five factors in his Report-Recommendation.

With regard to the first factor, the duration of Plaintiff's failures is, at the very least, some nine (9) months, having begun when he first refused to be deposed on January 19, 2007, and having continued until he refused to be deposed for the third time on October 16, 2007.  (The Court says "at the very least" because, arguably, Plaintiff's failures have continued through the date of this Memorandum-Decision and Order.)  In any event, even considering the shorter time period of nine months, generally, durations of such a length in time are sufficient to weigh in favor of dismissal.[3]

With regard to the third factor, the prejudice is exacerbated by the age of the case and number of events giving rise to Plaintiff's claims.  Under the circumstances, a further delay may well affect witnesses' memories, the ability to locate witnesses (who might retire from, or be transferred within, the New York State Department of Correctional Services), and the preservation of evidence.[4]

---

[3]       *See Hayes v. Brown,* 04-CV-2342, 2006 WL 2009084, at *2 (E.D.N.Y. July 17, 2006) (nine months); *McNamee v. Schoharie County Jail*, 06-CV-1364, 2008 WL 686796, at *11 (N.D.N.Y. March 10, 2008) (Kahn, J., adopting Report-Recommendation) (eight months); *Edwards v. Selsky*, 04-CV-1054, 2007 WL 78442, at *5-6 (N.D.N.Y. March 6, 2007) (Mordue, C.J., adopting Report-Recommendation) (eight months); *Bhalla v. JP Morgan Chase & Co.*, 03-CV-6051, 2005 WL 1027523, at *2 (E.D.N.Y. Apr. 26, 2005) (eight months); *Coleman v. Doe*, 05-CV-5849, 2006 WL 2357846, at *3 (E.D.N.Y. Aug. 14, 2006) (seven months); *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (four months); N.D.N.Y. L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution.").

[4]       *See*, *e.g.*, *Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade.  Given the age of this case,

For all of these reasons, the Court adopts the Report-Recommendation in its entirety and dismisses Plaintiff's Complaint.

**B.    Alternative Grounds for Dismissal**

In his verified form Complaint, Plaintiff checked the box labeled "Yes" next to the question "Have you ever filed any other lawsuits in any state or federal court relating to your imprisonment?"  (Dkt. No. 1, ¶ 5[a] [Plf.'s Compl.].)  Following this question on the verified form Complaint was the directive: "If your answer to 5(a) is YES you must describe any and all lawsuits, currently pending or closed, in the space provided on the next page."  (*Id.* at ¶ 5[b].)  However, in response to that directive, Plaintiff listed only one case, *Chavis v. Kienert*, 03-CV-0039 (N.D.N.Y.).  In fact, as of the date he filed his Complaint on January 20, 2005,[5] Plaintiff had filed at least eleven (11) other lawsuits in state or federal court relating to his imprisonment.[6]

---

that problem probably is severe already.  The additional delay that plaintiff has caused here can only make matters worse.").

[5]    Under the "prison mailbox rule," the date of filing of a prisoner action is deemed to be the date that the prisoner is presumed to have handed his complaint to a prison guard for mailing, which is ordinarily the date that the complaint was *signed*.  *See Shaw v. Superint., Attica Corr. Facility*, 03-CV-0610, 2007 WL 951459, at *3 n.3 (N.D.N.Y. March 28, 2007) (McCurn, J.); *Garraway v. Broome County, N.Y.*, 03-CV-0681, 2006 WL 931729, at *3-4 (N.D.N.Y. Apr. 7, 2006) (McAvoy, J.).  Here, the Complaint was dated January 17, 2005.  (Dkt. No. 1, at 30.)  However, in the body of the Complaint, Plaintiff alleges that certain events (giving rise to some of his claims) occurred on January 20, 2005.  (*See, e.g., id.* at 26, 27.)  As a result, the Court will deem the date of filing to be January 20, 2005.

[6]    *See, e.g.*, *Chavis v. Charnes*, 99-CV-5072, Complaint (S.D.N.Y. filed July 14, 1999); *Chavis v. Cunningham*, 00-CV-0097, Complaint (W.D.N.Y. filed Jan. 28, 2000) (prisoner civil rights action); *Chavis v. Flagler*, 01-CV-0510, Complaint (W.D.N.Y. filed July 19, 2001) (prisoner civil rights action); *Chavis v. VonHagan*, 02-CV-0119, Complaint (W.D.N.Y. filed Feb. 11, 2002) (prisoner civil rights action); *Chavis v. Zodlow*, 02-CV-0637, Complaint (N.D.N.Y. filed May 9, 2002) (prisoner civil rights action); *Chavis v. Kienert*, 03-CV-0039, Complaint (N.D.N.Y. filed Jan. 9, 2003) (prisoner civil rights action); *Chavis v. Ferris*, 03-CV-0743, Complaint (N.D.N.Y. filed Oct. 2, 2003) (prisoner civil rights action); *Chavis v. Bennett*, 03-CV-0755, Complaint (N.D.N.Y. filed June 18, 2003) (prisoner civil rights action); *Chavis v.*

The docket sheets of all of these cases are available for viewing online, through the Federal

Judiciary's Public Access to Court Electronic Records ("PACER") Service, and the New York

State Unified Court Systems' Case Information Service.

Generally, information about a prisoner's litigation history is material to a prisoner civil

rights action since it enables the Court to answer the following questions: (1) whether any of the

issues in the action have been previously litigated and decided (for purposes of the doctrines of

res judicata and collateral estoppel); (2) whether the plaintiff had, prior to being granted *in forma*

*pauperis status* in this action, earned "three strikes" for purposes of 28 U.S.C. § 1915(g); (3)

whether the plaintiff had a record of frivolous litigation sufficient to warrant a "bar order" (i.e.,

an order barring him from litigating further in that court without meeting certain preconditions)

pursuant to 28 U.S.C. § 1651(a); and (4) whether the plaintiff's litigation experience was so

extraordinary that it diminishes, or altogether dispenses with, the need to afford him special

solicitude.  Here, the information would have been material to all these inquiries, particularly in

considering whether or not Plaintiff needed the full measure of special solicitude normally

afforded *pro se* litigants, and whether or not he had, before filing his Complaint on January 20,

2005, acquired "three strikes" for purposes of 28 U.S.C. § 1915(g).  *See Chavis v. Curlee*, 06-

CV-0049, 2008 WL 508694, at *2-3 (N.D.N.Y. Feb. 21, 2008) (Kahn, J., adopting Report-

Recommendation finding that Plaintiff had incurred "strikes" on July 14, 1999, and February 25,

2000).

While a plaintiff is under no duty to provide this information in order to state an

---

*D.N.,* 04-CV-0158, Complaint (N.D.N.Y. filed Feb. 12, 2004) (prisoner civil rights action);
*Chavis v. Woods*, 05-CV-0429, Complaint (S.D.N.Y. filed Jan. 14, 2005) (habeas corpus
proceeding); *Chavis v. New York*, UID 2001-013-019 (N.Y. Ct. Cl.).

actionable civil rights claim, here, Plaintiff *chose* to answer a question on the form Complaint calling for such information, and *swore* to the truthfulness of his answer.  There is simply no excuse for making such a sworn misrepresentation to the Court.  District Judges from this Court have indicated a willingness to sanction *pro se* litigants for making such misrepresentations.[7] Certainly, other federal courts have so sanctioned *pro se* litigants.[8]  The Court has carefully considered less drastic sanctions and have found them to be inadequate to curb this particular intentional and egregious litigation abuse–especially given Plaintiff's apparently incorrigible propensity for abusing the litigation process (*see, supra*, Part III.A. of this Memorandum-Decision and Order).

    For these reasons, in the alternative, the Court dismisses Plaintiff's Complaint *sua sponte*, under Fed. R. Civ. P. 11, as a sanction for having knowingly made a sworn material misrepresentation to the Court about his litigation history.

------

    [7]     *See, e.g., Standley v. Dennison*, 05-CV-1033, 2007 WL 2406909, at *13-14 (N.D.N.Y. Aug. 21, 2007) (Sharpe, J., adopting, on *de novo* review, Report-Recommendation premised on alternative ground that the plaintiff should be sanctioned for making a material misrepresentation to the Court in his complaint); *Muniz v. Goord*, 04-CV-0479, 2007 WL 2027912, at *6 & n.32 (N.D.N.Y. July 11, 2007) (McAvoy, J., adopting, on plain-error review, Report-Recommendation premised on alternative ground that the plaintiff should be sanctioned for making a material misrepresentation to the Court in his complaint) [collecting cases].

    [8]     *See, e.g., Greer v. Schriro,* No. 06-15537, 2007 WL 4163413, at *1 (9th Cir. Nov. 26, 2007) (affirming district court dismissal that was based on this ground); *Mathis v. Smith*, No. 05-13124, 181 F. App'x 808, 809-10 (11th Cir. May 17, 2006) (affirming district court dismissal that was based partially on this ground); *Hudson v. Fuller,* No. 02-1396, 59 F. App'x 855, 856-57 (7th Cir. Feb. 25, 2003) (affirming district court dismissal that was based on this ground); *Albright v. Holden*, 99 F.3d 1145, 1145 (9th Cir. 1996) (affirming district court dismissal that was based on this ground).

**ACCORDINGLY**, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 77) is **ADOPTED** in its

entirety; and it is further

**ORDERED** that Defendants' motion to dismiss Plaintiff's Complaint for failure to

comply with several Orders of the Court and for failure to prosecute the action (Dkt. No. 67) is

**GRANTED**; and its further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety.

Dated: November 13, 2008
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge